W. E. CUMMINGS v. THE STATE.

*No. 864.  Decided May 27th, 1896.*

### Jurisdiction—Two District Courts in the County—Transfer of Cases.

By the Act of 1895, pp. 181–182, the legislature authorized the judges of the Thirty-seventh and Forty-fifth Judicial Districts to transfer cases from one court to the other, and where this has been done without a copy of the orders of transfer, this does not affect or invalidate the jurisdiction of the court to which the case has been transferred; and, if the jurisdiction be attacked upon this ground, it is a sufficient answer, that the proper orders were entered in the court a quo, and a copy of said orders could then be filed, even in answer to a motion in arrest of judgment.

APPEAL from the District Court of Bexar.  Tried below before Hon. ROBERT B. GREEN.

Appeal from a conviction for theft of personal property, over the value of $50; penalty, five years' imprisonment in the penitentiary.

No statement necessary.

*Ed. Haltom,* for appellant.—The court erred in overruling defendant's motion in arrest of judgment, because the indictment shows on its face that it is the finding of a grand jury not organized by the trial court, and because there was no evidence before the trial court of the empaneling of said grand jury or that they ever presented said indictment in any court, nor is there any order of transfer from the court in which the indictment pretends to have been presented authorizing this court to try the case.  Art. 585, Code Crim. Proc.; Art. 415, Code Crim. Proc.; Art. 437, Code Crim. Proc.; McDonald v. State, 7 Tex. Crim. App., 115; Bramley v. State, 11 Tex. Crim. App., 115; Valentine v. State, 6 Tex. Crim. App., 442.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief for the State found in the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a diamond stud, of the value of $250, and appeals.  The statement of facts, in substance, consists of an agreement of the guilt of the appellant. The only question presented for revision in this court is one pertaining to the jurisdiction of the court which tried this case.  Bearing upon this issue, the record discloses that the indictment was presented by the grand jury of the Forty-fifth Judicial District into the said Judicial District Court and transferred from said district to the Thirty-seventh Judicial District.  There was no order of transfer accompanying the indictment from the Forty-fifth to the Thirty-seventh Judicial District.

When the motion in arrest of judgment was made, upon the ground stated, the District Attorney filed, in answer to said motion, a certified ·copy of the orders from the minutes of the Forty-fifth Judicial District, showing that the grand jury had presented the indictment in this case in said court, and that the judge of said court had entered an order transferring said indictment and said cause to the Thirty-seventh Judicial District. This he was authorized to do under the act of 1895. The legislature authorized the judges of the Thirty-seventh and Forty-fifth Judicial Districts, in their discretion, to transfer any suit or cause of action, civil or criminal, from one of said District Courts to the other. See, Acts of 1895, pp. 181, 182. Said act of the legislature does not require a copy of the orders to accompany the transfer of said ·cause. While it would be more regular to do so, yet it seems not to have been necessary, in the contemplation of the legislature. Whether it be necessary or not that these orders accompany the transfer, when the jurisdiction of the court is attacked on the ground that the cause was improperly placed on the docket of the district to which it was transferred, we think it a sufficient answer that the proper orders were entered in the court making the transfer, at the time of making same; and it would not be too late to file a copy of said orders in answer to the motion in arrest of judgment. It was simply a question as to whether the Thirty-seventh Judicial District had jurisdiction to entertain and try this case. If, in fact, the orders had been made in the Forty-fifth Judicial District, transferring the case, whether a copy of these orders accompanied the transfer of the indictment or not, it would not affect the validity of the proceedings in the Thirty-seventh Judicial District, and these orders could be filed afterwards. This is the only question presented for our consideration, and we think the court correctly overruled the motion in arrest of judgment. The judgment is affirmed.

*Affirmed.*