JIM HARBOLT ET AL. V. THE STATE.

No. 1089. Decided March 26, 1898.

**1. Change of Venue—Order For.**

Where no exception was taken in the court a quo to the order changing the venue of the case, error in changing the venue, or any irregularities or informalities in the proceedings, will not be considered.

**2. Same—Special Term of Court—Entry Nunc pro Tunc of Order For—Plea in Abatement.**

Defendant was indicted in Hemphill County for murder, at the May term, 1895. At said term the court ordered a special term of court for July, 1895, but this order was not entered of record until November, 1895, when an order of entry nunc pro tunc was made. At the preceding special term of July, the venue was changed to Hardeman County by the court. The following September defendant executed a bail bond and was released under the bond by the sheriff of Hemphill County, who still had him in custody. At the October term of court for Hardeman County defendant's bail bond was forfeited with judgment nisi. At the April term of said last court defendant's sureties, in answer to the scire facias, pleaded to the jurisdiction, upon the ground that the order for the special term for Hemphill County, at which the venue was changed to Hardeman, had never been entered upon the minutes of the court; whereupon the court permitted the county attorney of Hardeman to file a certified copy for the entry nunc pro tunc of the order for said special term as entered in November, 1896, in Hemphill County. Held, there was no error in permitting the certified copy of the entry nunc pro tunc to be introduced in evidence. Held, further, said entry nunc pro tunc cured all defects complained of in the plea in abatement.

**3. Nunc pro Tunc Entry—Notice of.**

Where the order for a special term of court was only entered nunc pro tunc at a succeeding term, the parties to the forfeiture of a bail bond, which was not executed until after the adjournment of said special term, can not complain that they were not served with notice of such proposed entry nunc pro tunc directing the holding of such special term.

**4. Bail Bond After Change of Venue Can Not Be Taken by the Sheriff of the County a Quo.**

Where a change of venue has been ordered in a case, the right to the custody of a defendant passes from the sheriff of the county a quo to the sheriff of the county to which the venue has been changed; and a bail bond taken by the former for the appearance of the defendant to answer in the new forum is an absolute nullity and can not form the basis for a judgment of forfeiture.

APPEAL from the District Court of Hardeman. Tried below before Hon. G. A. BROWN.

Appeal from a judgment final on a forfeited bail bond.

The case is sufficiently stated in the opinion.

*M. M. Hawkins* and *Plemons & Veal,* for appellant.—The court erred in overruling defendant's plea to the jurisdiction of said court herein, for the reason that the transcript from the District Court of Hemphill County showed that the order changing the venue of said cause from Hemphill County, Texas, was made at a pretended special term of said District Court of Hemphill County, not authorized by law, and therefore had no authority to make said order transferring said cause to the District Court of Hardeman County, Texas.

39th Crim. Rep.—9

In order to invest a court with power to hold any other than a regular term of court, the requirements of the statute creating such special term of court must be strictly adhered to before any order changing the venue can be made, and the transcript prepared by the clerk of the court from which such cause is transferred must show on its face that all the requirements of the statute had been complied with before an order changing the venue of said cause was entered. To clothe the District Court of Hardeman County with authority to hear and determine the issues in said cause, it should appear from the transcript accompanying the papers on the order changing the venue from Hemphill to Hardeman County that all requirements necessary to authorize the special term of court of Hemphill County at which said order changing the venue had been entered were observed and carried out, and if said transcript failed to show such facts, then the District Court of Hardeman County was without authority to hear and pass on the questions involved in said cause. Rev. Stats., art. 1113, et seq.

In so far as we have been enabled to investigate this question, we have found no decision of our own State courts bearing upon the subject. In the case of Toler v. Commonwealth of Kentucky, 23 Southwestern Reporter, 347, in deciding a similar question, the court says: "Under act of June 10, 1883, authorizing special terms of the circuit court on orders of the judge, or on notice signed by the judge and posted, and providing that the order or notice shall specify the day on which the term is to commence and shall give the style of each case to be heard, compliance with the provisions as to the order and notice is essential to the validity of proceedings at the special terms."

If the District Court of Hemphill County was not in regular session when the order was made changing the venue, and if the pretended special term by virtue of which he was acting, when he entered the order changing the venue in this cause, was not held in pursuance of the statute heretofore quoted, then the order changing the venue in the cause No. 111, State of Texas v. Jim Harbolt, was absolutely null and void, and the District Court of Hardeman County was and is without authority to hear and determine any issue incident to or connected with said cause.

The court erred in permitting the State's counsel to introduce in evidence over the objection of the defendants the following certified copies: First, certified copy from the District Court of Hemphill County, Texas, of a notice given by the clerk of said court of a special term of the District Court of said county, to be held in said county; second, a nunc pro tunc order of said District Court of Hemphill County made and spread upon the minutes on November 18, 1895, ordering and directing the clerk of said District Court of Hemphill County, Texas, to enter and record upon the minutes of said court the notices and return of the sheriff required by law to be spread upon the minutes of said Hemphill County District Court, issued and dated on the 22d day of May, 1895, for this: that said notices and return of said sheriff of Hemphill County, Texas, were not spread upon the minutes of the District Court of Hemphill

County at the time of the holding of said pretended special session, and the spreading on of said minutes of said notices after said term would not be sufficient to make the acts and orders of said pretended special term valid.

A nunc pro tunc order directing the clerk of the District Court of Hemphill County to spread on the minutes of said court the notices required by the third subdivision of article 1128b, Sayles' Civil Statutes, and the return of the sheriff as required by the fourth subdivision, will not relate back and cure the acts and orders of a court made at a special term which were at the time absolutely void. A void judgment can not be cured by an order made at a subbsequent term, supplying or attempting to supply that which was totally lacking and necessary to give the court authority to act at the former term. 8 Texas, 85; 54 Texas, 81; Code Crim. Proc., art. 435; 32 S. W. Rep., 770; 11 Texas Crim. App., 114; 24 Texas Crim. App., 346.

The court erred in permitting the State to introduce in evidence the certified copies of the notices and return of the· sheriff of Hemphill County, for the reason that said notices and said return of said sheriff were spread on the minutes of said District Court of Hemphill County, by a nunc pro tunc order, dated subsequent to the entering of the judgment nisi herein, and the spreading of said nunc pro tunc order on said minutes of the District Court of Hemphill County, Texas, did not and could not invest the court with power to enter said judgment nisi; and further, because no notice of the application for said nunc pro tunc order was ever served on these defendants, nor was there ever any notice given these defendants of the filing of said certified copies of said notices or said nunc pro tunc order, or either of them, prior to the date of the final judgment herein.

We also call the attention of the court, in conclusion, to the fact that the change of venue in this cause was ordered on the 1st day of July, 1895, and was transmitted to the clerk of the District Court of Hardeman County on the 15th day of August, 1895, and that the bail bond, the subject of this suit, was approved by G. W. Arrington, sheriff of Hemphill County, Texas, on the 10th day of September, 1895.

We submit the question as to the authority on the part of the sheriff of Hemphill County to take and approve said bond after said cause had been transferred to the District Court of Hardeman County.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a judgment in favor of the State of Texas, for $750 and all costs, against Jim Harbolt, as principal, and Sam Isaacs and W. C. Isaacs, as sureties, on a forfeited bail bond. Harbolt was indicted by the grand jury of Hemphill County, at the May term, 1895, for the murder of Tom McGee. At the same term of court, an order was made by the district judge of said county directing

that a special term of said court be held in said county on the 1st day of July, 1895. On the convening of the court at said special term, an order was made and entered by the court, upon its own motion, for reasons stated therein, changing the venue of said cause to Hardeman County for trial. It seems that no exception was taken to the order of the court changing the venue of said cause. Therefore we are not called upon to consider any error the court may have made in changing the venue, or any irregularities or informalities in the proceedings. Bowden v. State, 12 Texas Crim. App., 246; Krebs v. State, 8 Texas Crim. App., 1. On September 10, 1895, the appellant Harbolt, as principal, and the other appellants, as sureties, executed a bail bond, the subject matter of this suit, which bond was approved by the sheriff of Hemphill County, and said Harbolt released from custody. On the convening of the October term of the District Court of Hardeman County, the case against Harbolt was regularly called for trial; and, the defendant failing to appear, his bond was duly forfeited, and judgment nisi entered against him and his sureties, and scire facias ordered to issue. At the ensuing April term, 1896, the appellants Sam Isaacs and W. C. Isaacs appeared before that court, and, by plea in abatement, moved the court to set aside the judgment nisi, on the ground that the District Court of Hemphill County had failed to properly enter upon the minutes of said court the order directing said special term to be held on July 1, 1895, in accordance with the requirements of Revised Civil Statutes, article 1113, et seq. In answer to this, the county attorney filed, under leave of the District Court of Hardeman County, a certified copy of the entry nunc pro tunc of an order of the District Court of Hemphill County, showing that said order was entered in accordance with the requirements of the statute. This order was entered November 18, 1895, and from said last order it appears that the former proceedings were regular, the only defect being the failure of the clerk to perform the ministerial duty of properly entering the same at length upon the minutes of the court, at the time the order for said special term was made.

We think there was no error committed by the District Court of Hardeman County in permitting this copy to be introduced in evidence, and that it cured any defects or irregularities in said proceedings caused by the failure of the clerk of the District Court of Hemphill County to enter the order of the court for said special term, and the notices and sheriff's return on same, in the first instance. Cummings v. State, 37 Texas Crim. Rep., 436; Vance v. State, 34 Texas Crim. Rep., 395.

The District Court of Hardeman County had jurisdiction of the subject matter of the case against appellant Harbolt, except as to the venue, and the record as amended shows that the case was properly pending before the District Court of Hardeman County when the forfeiture was taken; hence, if the bail bond in this case is a valid one, and will support a judgment, the judgment of said court is correct. It was not necessary to give appellants notice of the entry nunc pro tunc of the orders in the District Court of Hemphill County. Appellant Harbolt's case was, as

shown by the record, but one of many cases to be tried at the special term. The main object of the provisions of Revised Civil Statutes, article 1113, et seq., is to give all parties having causes pending in court notice that such cases as are stated in the notices provided by law will be called for trial at the special term to convene thereafter; and as appellant Harbolt executed his appearance bond after the adjournment of said special term, conditioned for his appearance before the District Court of Hardeman County, neither he nor his sureties can complain of lack of notice, nor that they were in any manner prejudiced thereby. Besides, the record shows that Harbolt was before the District Court of Hemphill County in person at its special term, when the order was entered changing the venue of his case.

Holding, then, as we do, that the case against said Harbolt was properly pending against him in the District Court of Hardeman County for trial, the question arises, could the sheriff of Hemphill County legally take and approve the bond of said Harbolt to appear before the District Court of Hardeman County, as was done in this case? The case, to all intents and purposes, connected with the trial thereof, and the custody of the defendant Harbolt, having passed into the custody of the District Court of Hardeman County by the change of venue, the sheriff of Hemphill County had no authority in the matter, further than might be necessary to comply with the order of the District Court of Hemphill County, and "remove him to the said county of Hardeman, and deliver him to the custody of the sheriff of Hardeman County before the next succeeding term of the District Court of said Hardeman County." Code Crim. Proc., arts. 624-627. The sheriff had no authority, under the law, to take a bail bond of appellant Harbolt, as his authority was limited to keeping said appellant in custody, and removing him to Hardeman County, as directed by the order of the court. The bail bond in question was, in our opinion, a nullity, and could not form the basis of a valid judgment; hence the judgment nisi and final judgment based thereon are void. We are therefore obliged to reverse the judgment of the court below, and direct that the case to be dismissed, and it is accordingly so ordered.

*Reversed and dismissed.*

DAVIDSON, JUDGE.—The above was written by W. W. Walling, Esq., Acting Assistant Attorney-General, as the State's brief, and we believe it clearly and forcibly enunciates the law applicable to the questions raised on appeal. We therefore adopt it as the opinion of this court.