**Nicholas GARCIA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41257.**

Court of Criminal Appeals of Texas.

May 22, 1968.

Rehearing Denied July 17, 1968.

Hernandez, Cazorla & Ramirez (on appeal only), by Florentino Ramirez, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Stauffer, Douglas Mulder, Malcolm Dade and Wilson Johnston, Asst. Attys. Gen., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for felony theft of an automobile with a prior conviction of a non-capital felony alleged for enhancement; the punishment, ten years.

Error is urged on the ground that Criminal District Court No. 5 of Dallas County did not have jurisdiction to try the present Cause No. C–67–1739–IL.

The statute creating Criminal District Court No. 5 of Dallas County conferred upon it concurrent jurisdiction with all the existing Criminal District Courts of Dallas County, one of which was Criminal District Court No. 2. Art. 1926–15, Vernon's Ann. Civ. St.

To support his position, the appellant contends that no indictment having been returned into Criminal District Court No. 5 of Dallas County in Cause No. C–67–1739–IL, and no other court having transferred this cause to Criminal District Court No. 5, his conviction in said court under this styled and numbered cause is void for want of jurisdiction.

The transcript reflects that on April 24, 1967, an indictment was presented by the grand jury into Criminal District Court No. 2 of Dallas County charging Nicholas Garcia, Jr., with felony theft in Cause No. C–67–1739–I. On the same date, the same court transferred Cause No. C–67–1739–I to Criminal District Court No. 5 of Dallas County. On the same date, an order receiving Cause No. C–67–1739–IL, styled The State of Texas vs. Nicholas Garcia, Jr., by Criminal District Court No. 5 of Dallas County from Criminal District Court No. 2 of Dallas County, charging the offense of felony theft, was entered in the minutes.

The jurisdiction of Criminal District Court No. 2 of Dallas County of Cause No. C–67–1739–I, charging Nicholas Garcia, Jr., with felony theft is not questioned. No attack is made on the sufficiency of the order transferring No. C–67–1739–I in Criminal District Court No. 2 to Criminal District Court No. 5 in Dallas County.

The receiving order of Court No. 5 of the cause transferred from Court No. 2 recites all the facts identifying it, and then adds the letter "L" as shown in the order, to-wit, No. C–67–1739–IL.

In the transfer order from Court No. 2 to Court No. 5 was valid, and when the cause was entered on the docket of Court No. 5 it had like jurisdiction therein as in cases originally filed in said court. Art. 1926–15, supra. The adding of the letter "L" in Court No. 5 as it now appears on the indictment did not deprive it of its jurisdiction. This ground of error is overruled.

The failure of the court to submit his requested charge that "One of the elements of theft of a motor vehicle is an intent to permanently deprive the owner of such vehicle without the owner's consent." is urged as a ground of error.

In the charge to the jury, the court defined fraudulent taking and then required the jury to find beyond a reasonable doubt that appellant fraudulently took the automobile from the owner, without his consent, and with the intent to deprive him of it and to appropriate it to his own use and benefit before they could find him guilty, or, if they had a reasonable doubt thereof to find him not guilty. The charge as given sufficiently included the element of theft as requested. The ground of error is overruled.

The appellant contends that he was denied a fair and impartial trial and representation by adequate counsel in the trial court which constituted a denial of due process of law as a ground of error.

To support his contention, the appellant submits that he was dressed in a white jail uniform during a brief trial, and that without objection, leading questions were asked by the prosecution; that while he was testifying his counsel brought out that he was then on parole; that his counsel made a vain attempt to make out a defense of insanity, and no showing was made by defense counsel to obtain such testimony; that his counsel attempted to prove that he did not remember taking the automobile, and that he had no intent to permanently deprive the owner of it.

The testimony of the state reveals that about 2:15 a. m., two police officers saw an automobile without license plates being

driven along a public street in Dallas; that the appellant was driving the car and was accompanied by a female passenger, and he was intoxicated to a minor degree, but his speech was not slurred; and that the automobile had been stolen that night from a sales lot in Dallas.

While testifying, the appellant stated that he did not remember taking the car, did not know how he came in possession of it, and that he never intended to take the car "as a permanent thing."

The only testimony referring to appellant's attire was:

"Q Had you given permission, anybody permission to remove that 1967 LTD from that lot?

"A None whatever, no.

"Q I'll ask you to look at the man in the white coveralls seated the fourth man at the table and ask you if you know him.

"A I've never seen him before.

\* \* \* \* \* \*

"Q All right, would you recognize the driver of that vehicle were you to see him again?

"A Yes, sir, I would.

"Q All right. I'll ask you to look around the Courtroom and tell the Jury whether or not you see that man in this Courtroom.

"A Yes, sir, I do.

"Q All right, would you point him out, please, sir?

"A This is him here (indicating).

"State's Attorney: Mr. Reporter, will you let the record reflect—

"Q Excuse me, Officer, are you indicating the last man at the table?

"A Yes, sir, I am, the white overalls."

The appellant testified on direct examination pertaining to his previous criminal record as follows:

"Q Now, then, you have been—you have had previous felony convictions, have you not?

"A Yes, sir, I have.

\* \* \* \* \* \*

"Q No, how many previous convictions have you had?

"A Two, sir.

\* \* \* \* \* \*

"Q You're on probation on parole at this time, is that right?

"A Yes, sir.

\* \* \* \* \* \*

"Q Now, does a parole officer help parolees help get them adjusted?

"A Yes, sir.

"Q Have you made any kind of a request to the parole officer for unusual items to help you get adjusted?

"A Yes, sir, I have. I went up to him one time and asked him if he could help me to get psychiatric treatment, because I just couldn't seem to adjust to things.

"Q What was your main problem?

"A Well, drinking, and emotional problems ever since I have been divorced from my ex-wife. I just haven't been the same any more. I more or less have lost self confidence in myself.

"Q Nicholas, would you state the facts with reference to whether or not you intended to take this automobile as a permanent thing?

"A No, sir.

"Appellant's Attorney: Pass the witness."

CROSS EXAMINATION

BY STATE'S ATTORNEY:

"Q Now, Garcia. you were convicted in Cause No. F–1145–HI on June 18th, 1965, in Judge Henry King's Court for the offense of burglary, isn't that right?

"A Yes, sir.

"Q At that time Judge King saw fit to grant you probation and release you and give you a second chance, didn't he?

"A Yes, sir.

"Q And then on September the 24th of 1965 you in Cause No. F–1972–JI, you were convicted of burglary in Judge Henry King's Court, and he revoked your probation and sent you on down to the penitentiary on both cases, didn't he?

"A Yes, sir.

"Q And on the second case he gave you a three-year term, is that right?

"A Yes, sir.

"Q And, of course, your short stay down there, you weren't able to get adjusted, were you? You didn't spend enough time down there to get adjusted,, did you?

"A I don't know how to answer that, sir.

"Q Well, you said you had a drinking problem; you didn't whip your drinking problem down there at the penitentiary, did you, on the time that you spent down there?

"A No, sir."

Upon the appellant testifying, the prior convictions became admissible if the state wanted to ask him about them. To avoid the impact of such testimony on the jury, it is thought by some trial counsel at times to bring it out first instead of allowing the state to do so. This may have been the strategy in this case.

 The appellant testified, as shown herein, that his main problem was drinking, emotional problems since divorce, and loss of self-confidence. These conditions fail to raise the issue of insanity.

No injury is perceived by the reference in the testimony set out herein to the appellant as the man in the white coveralls.

The record fails to reflect the legal background, the experience of appellant's court-appointed counsel in the trial court, and the nature and extent of preparation for trial.

From the record as a whole, it is concluded that appellant was not denied a fair and impartial trial and adequate representation by counsel.

The judgment is affirmed.