475 S.W.2d 786 (1972)
Susanne Coulter VALDEZ, Appellant,
v.
The STATE of Texas, Appellee.
Nos. 44469, 44470.
Court of Criminal Appeals of Texas.
January 11, 1972.
John J. Browne, Houston (on appeal only), for appellant.
Carol S. Vance, Dist. Atty., Phyllis Bell and F. M. Stover, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION
DOUGLAS, Judge.
These are appeals from convictions for the sale of heroin. The court assessed the punishment in each case at 15 years.
After proper admonishment the appellant pled guilty in each case. She judicially confessed that on each occasion she sold heroin to C. W. Padgett.
Her sole complaint is that the court erred in finding her guilty because her competency to stand trial was raised after she entered her pleas of guilty.
*787 No claim of insanity as a defense or competency to stand trial was made known to the trial court. She contends that the testimony of her mother raised the issue under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Her mother testified that the appellant was a narcotics addict and had been hospitalized three times in an effort to break the habit. She stated that she was not questioning her daughter's guilt and had advised her to plead guilty because she was guilty. She stated that she was seeking leniency for her daughter because her daughter had had a rough time during her life.
The testimony relied upon to show incompetency to stand trial was that of her mother: "Well, I don't think Susanne is perfectly normal. I would have a lot of money if I had all the money I have spent on psychiatrists since 1961 when I took her to Dr. Clecke, Dr. Voight, Dr. Harris in Galveston and doctors in Houston, time and time again...." She testified that her daughter was going to Dr. Clecke when she was not involved in narcotics and that she did not have normal reactions and did not think normally.
The appellant had retained counsel. The record reflects that she responded appropriately to questions by the court concerning her pleas of guilty. After the court found her guilty, she consulted with her counsel and chose to accept the statutory time for filing a motion for new trial before sentencing. The judgment recited that before accepting the plea of guilty it appeared that she was sane.
The attorney who represented her at the trial never contended that she was incapable of assisting him. No motion for new trial was filed. There is still no showing that the trial attorney thought she was incompetent to communicate with him or assist at the trial.
Emotional problems, whether resulting from or causing narcotic addiction, or whether resulting from any other cause, which do not impair the ability to know the nature and consequences of his [the defendant's] act do not raise the issue of insanity. Garcia v. State, Tex.Cr.App., 429 S.W.2d 468.
In Ring v. State, Tex.Cr.App., 450 S.W. 2d 85, it was contended that the issue of competency to stand trial was raised. The Court stated: "[b]efore it may be said that a trial judge denied an accused a fair trial by failing to conduct a sanity hearing or inquiry, it must appear that the facts and circumstances which came to the court's attention were sufficient to indicate the necessity of such hearing or inquiry...." There the record reflected that the defendant had received a psychiatric examination the day before the trial. The result of the examination was not in the record. The Court held that the issue of insanity or competency to stand trial was not raised.
In the present cases, the evidence did not raise such an issue.
The judgments are affirmed.
ODOM, J., not participating.