

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 25, 1973

The Honorable Melvin D. Whitaker
District Attorney
606 Crawford Street
Palestine, Texas 75801

Dear Mr. Whitaker:

Opinion No. H- 135

Re: Authority of a district
attorney in a criminal
case transferred to his
district after indictment
in another district

You have asked whether you, as district attorney for the 173rd Judicial District, may try a criminal case which, after indictment, has been transferred to that court from the Third Judicial District Court. The Third and 173rd Judicial Districts have identical boundaries, but the 173rd District Court has never empaneled a grand jury. Therefore, all indictments in Anderson, Henderson and Houston counties have been returned to the Third District Court.

The transfer of a case from one court to another is clearly authorized in Article 199a, V. T. C. S., § 2. 002(a), which provides:

"In any county in which there are two or more district courts, the judges of such courts may, in their discretion, either in term-time or in vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any case or proceeding, civil or criminal, on their dockets to the docket of one of the other said district courts; and the judges of the courts may, in their discretion, exchange benches or districts from time to time."

The transfer procedures have been repeatedly upheld. Garcia v. State, 429 S. W. 2d 468 (Tex. Crim. 1968); Ehrlich v. State, 281 S. W. 548 (Tex. Crim. 1926); Littleton v. State, 239 S. W. 202 (Tex. Crim. 1922); Cummings v. State, 35 S. W. 979 (Tex. Crim. 1896); Moore v. State, 35 S. W. 668 (Tex. Crim. 1896).

When the case is transferred, it is a case in the transferee court, and it is the duty of the district attorney of the district which received the case to represent the State. Article 2.01, Vernon's Texas Code of Criminal Prodecure; and see Acts 1973, 63rd Leg., ch. 442, p. 1228, creating the office of District Attorney of the 173rd Judicial District.

We know of no constitutional limitation which would require a different result.

## SUMMARY

It is the duty of the District Attorney for the 173rd Judicial District to prosecute a criminal case transferred to that court from the Third Judicial District Court in which the indictment was returned.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee