Rester Ray BALLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 48913.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Craig A. Washington, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Charles Cottingham, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, fifteen years.

This appeal presents questions relating to the trial court's duty to interrupt a trial and order a sanity hearing; the right of defense counsel to give an opening statement; and the defendant's right to a pro se jury argument.

The record reflects that appellant in concert with others waylaid the complaining witness and robbed him at gun point.

In ground of error one appellant contends that the trial court erred in failing to stop the proceeding and conduct a psychiatric examination of appellant. The record reflects that at the start of the punishment hearing appellant expressed a desire to present a pro se "Motion for Judgment of Dismissal" to the jury based on Biblical reasons which in effect constituted a plea for mercy. This was the first indication the court had about the possible incompetency of the appellant. The court explained to him that motions were presented to the court and not to the jury, but appellant insisted that it be considered by the jury. The court instructed him to confer with his attorneys on the matter, and appellant replied that he could not understand them. At this point, defense counsel moved for a recess in order to prepare a motion to have appellant's sanity examined, saying:

"We make this motion in view of his (appellant's) preceding conduct where he indicated to the court that he didn't understand what the court was telling him. And that further, he didn't understand what his lawyers had been telling him."

The recess was refused, but the court stated he would hear the motion after trial. Counsel, however, did not later pursue the matter.

Appellant waived his right to a pre-trial sanity hearing based on Art. 46.-02, Vernon's Ann.C.C.P., by announcing ready at the start of the trial. Martinez v. State, Tex.Cr.App., 507 S.W.2d 223. The trial court is only required to conduct a hearing on the issue of sanity sua sponte where evidence comes before him which is of sufficient force to create a reasonable ground for him to doubt defendant's competency to stand trial. Noble v. State, Tex.Cr.App., 505 S.W.2d 543; Perryman v. State, Tex.Cr.App., 494 S.W.2d 542. It is urged that the behavior of appellant while he was attempting to submit his pro se motion necessarily raised the question of his sanity. The record as a whole, however, indicates that he was reasonably lucid, though hostile, when the court refused to permit him to present his motion to the jury. We find no abuse of discretion in the trial court's failure to initiate a separate hearing on sanity. Cf. Valdez v. State, Tex.Cr.App., 475 S.W.2d 786, and Noble, supra.

In his second ground of error, appellant submits that the court erroneously declined to permit defense counsel to make an opening statement after the reading of the indictment. However, the record reflects that counsel was then notified that he could do so before presentation of the defendant's case. This was the proper order of proceeding. Art. 36.01, Sec. 5, V. A.C.C.P. Appellant contends that the statement should have been allowed after the reading of the indictment pursuant to Art. 36.01, Sec. 2, V.A.C.C.P., because it would have included his special pleas. There is no indication of the existence of such pleas in the record on appeal, and error, if any, has not been preserved.

In his third ground of error, appellant complains of the trial court's refusal to allow appellant to argue pro se to the jury. Ward v. State, Tex.Cr.App., 427 S. W.2d 876, is dispositive of the question presented. See also Roberson v. State, Tex.Cr.App. 513 S.W.2d 572 (Decided July 17, 1974).

Finding no reversible error, the judgment is affirmed.