IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-11216
_____


ELVEN GENE BARTLEY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:97-CV-2154)
_____

April 7, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The chief issue presented by this appeal is whether a petitioner for federal habeas relief pursuant to 28 U.S.C. § 2254 can challenge in a single petition the validity of two separate convictions of different courts of the same political subdivision. Finding that the Criminal District Courts of Dallas County No. 3 and No. 5 are for purposes of section 2254 "a single state court," we remand this case to the district court for a review of the merits of the petitioner's claims.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1968, the petitioner, Elven Gene Bartley, was charged in the Criminal District Court of Dallas County No. 5 with the offenses of rape, robbery, and murder with malice, all stemming from the events of April 21, 1968. Bartley pled guilty to the charges of robbery and murder, but he pled not guilty to the charge of rape. On July 11, 1968, a jury convicted Bartley of rape. He was sentenced to life imprisonment. On December 10, 1970, Bartley was sentenced to twenty years each for the robbery and murder.[1] In 1985, Bartley was paroled.

On May 25, 1995, Bartley pled guilty in the Criminal District Court of Dallas County No. 3 to possession of a dangerous drug.[2] He was sentenced to two years probation. On January 2, 1996, following a series of probation violations, Bartley's probation on the drug conviction was revoked and he was sentenced to two years imprisonment based on that conviction. Bartley did not appeal.

In October 1996, Bartley's parole on the prior convictions for rape, robbery, and murder was revoked. On August 27, 1996, Bartley filed his first state petition for habeas relief with the Criminal District Court of Dallas County No. 3. He sought review of his guilty plea to the charge of possession of a dangerous drug and the

---

[1]The two twenty-year sentences were to run concurrently with his previous life sentence.

[2]Bartley was charged with possession of two tablets of Cephalexin.

alleged parole revocation for his prior convictions for rape, robbery, and murder.  Although at the time Bartley's petition was filed his parole on the charges of rape, robbery, and murder had not been formally revoked, he argued in his petition that he had been denied due process because he was assigned his old inmate number and had not as of that time been given a parole revocation hearing for the previous convictions.

The state trial court recommended that Bartley's application for habeas relief be denied, reasoning that most of the asserted claims were without merit.  Additionally, the court recommended that Bartley's claims regarding his parole revocation for the prior convictions of rape, robbery, and murder were not properly before the court because those convictions occurred in a different court in the same county.  Thus, the court recommended that Bartley file a subsequent application for habeas relief in the proper court.[3] On November 13, 1996, the Texas Court of Criminal Appeals, without a written order and based upon the findings of the trial court, denied Bartley's petition.

On March 12, 1997, Bartley filed a second petition for state habeas relief in the Criminal District Court for Dallas County No. 5.  The petition sought review only of the parole revocation on the prior convictions for rape, robbery, and murder.  This petition was

---

[3]The court was unable to transfer Bartley's petition to the Criminal District Court of Dallas County No. 5 because Bartley did not provide the court with sufficient information to determine where the petition should have been filed.

erroneously transferred by the court to the Criminal District Court for Dallas County No. 3. On May 28, 1997, the Texas Court of Appeals dismissed the petition under Texas' abuse of the writ doctrine. See Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (West 1999).

On September 2, 1997, Bartley filed a petition for federal habeas relief seeking review of his conviction for possession of a dangerous drug and challenging his parole revocation on the prior convictions because he had been denied a parole revocation hearing for ten months in violation of his due process rights. The district court, adopting the finding of the magistrate judge, held that the parole revocation claim was procedurally barred because the state court dismissed the claim under Texas' abuse of the writ doctrine, an adequate and independent state procedural rule. Further, the district court denied relief on all claims relating to the drug conviction.

On April 15, 1999, our court granted Bartley's request for a COA limited to two issues: (1) "whether a § 2254 challenge to parole revocation and to a separate conviction can be brought in the same petition under Rule 2(d) of the Rules Governing Section 2254 proceedings;" and (2) whether "the district court erred in concluding that his claims regarding the 1996 parole revocation were procedurally defaulted." We refused to grant a COA on any issues relating to Bartley's drug conviction.

II

4

Rule 2(d) governing § 2254 habeas proceedings provides:

> A petition shall be limited to the assertion of a claim for relief against **the judgment or judgments of a single state court** (sitting in a county or other appropriate political subdivision).  If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody, as the case may be, he shall do so by separate petitions.

28 U.S.C. § 2254, Rule 2(d) (West 1999)(emphasis added).  The Advisory Committee Notes go on to state that:

> [A] single petition may assert a claim only against the **judgment of a single court (i.e., a court of the same county or judicial district or circuit)**. . . .  A claim against a judgment of a count of a different political subdivision must be raised by means of a separate petition.

Rule 2(d), Advisory Committee, Notes, (1976)(emphasis added).

Relying on the clear and unambiguous language of Rule 2(d) and its corresponding Advisory Committee Notes, it appears that both of Bartley's convictions occurred in courts of "the same county or judicial district or circuit"--the Criminal District Court of Dallas County.  Although the 1968 convictions and the 1995 drug conviction were handed down by different courts within the Criminal District Court of Dallas County--Courts No. 5 and No. 3, respectively--both courts are part of the "14th Judicial District of Texas."  Texas Code Ann. 24.115(a), (d) (Vernon 1999); see also Garcia v. State of Texas, 429 S.W.2d 468, 469 (Tex. Crim. App. 1968)(stating that "the statute creating Criminal District Court No. 5 of Dallas County conferred upon it concurrent jurisdiction

with all the existing Criminal District Courts of Dallas County"). Consequently, it is procedurally proper for Bartley to raise both his challenge to the drug conviction and his challenge to the parole revocation in a single § 2254 habeas petition.

B

Turning to the district court's judgment holding that Bartley's claims regarding his parole revocation hearing for rape, robbery, and murder were procedurally defaulted, the state, in its letter brief, "concedes that the district court wrongfully determined that Bartley's parole revocation claims are defaulted." Consequently, we REMAND this case back to the district court for a determination of the merits of Bartley's claims relating to his parole revocation.

R E M A N D E D.