Affirmed and Opinion filed January 6, 2009








Affirmed and Opinion filed January 6, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00750-CR

____________

 

KARA ELIZABETH CRISWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1101246

 



 

O P I N I O N

Appellant, Kara Elizabeth Criswell, appeals her conviction
for theft from an elderly person in an amount between $1,500 and $20,000. Tex.
Health & Safety Code Ann. ' 31.03 (Vernon 2003).  Following a bench
trial, appellant was found guilty as charged.  Appellant=s conviction was
enhanced by two prior felony convictions and the trial court sentenced
appellant to twenty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  Tex.
Pen. Code Ann. ' 12.42(d) (Vernon 2003).  We affirm.








Factual and Procedural Background

The complainant, Earsell Branch, was born on May 10, 1922. 
Complainant is the aunt of appellant.  When appellant experienced medical
problems associated with her positive HIV diagnosis, she moved into complainant=s house.

Sheila Green, complainant=s niece and
appellant=s cousin, eventually learned complainant=s bank account was
overdrawn and checks were being returned for insufficient funds.  To
investigate this situation, Ms. Green had her aunt execute a durable power of
attorney on her behalf and obtained her bank records.  Ms. Green found
thirty-eight checks that were not authorized by complainant.  Many of these
checks were made out to appellant or were for her benefit.  Complainant
testified she never wrote a check to appellant nor gave appellant permission to
write checks on her behalf.  Ms. Green filed a complaint with the police and
Detective James Brooks came to complainant=s house to
investigate.  Complainant confirmed she had not given appellant permission to
write any checks in her name.  Detective Brooks then interviewed appellant. 
During this interview appellant executed a written statement admitting writing
thirty-seven of the unauthorized checks totaling $16,140.  Prior to trial,
contending appellant was unable to understand the charges against her or
consult with him in a rational manner, appellant=s trial counsel
filed a AMotion for
Psychiatric Exam for Competency,@ which the trial
court granted.  Harris County Forensic Psychiatric Services was to conduct the
examination and file the report by September 7, 2007, the date set for
appellant=s trial.  No psychiatric examination report is found
in the appellate record nor was it mentioned during appellant=s bench trial.








When appellant was arraigned, she initially pled guilty. 
However, once she learned  the range of punishment was between twenty-five and
ninety-nine years= confinement, appellant began to change
her plea back and forth between guilty and not guilty.  At that point the trial
court entered a not guilty plea for appellant.  Appellant then waived her right
to a jury trial.  When the trial court called the case to trial, appellant
announced Aready@ for trial.  Following the presentation of
the evidence, the trial court found appellant guilty.  Appellant then stipulated
she had been previously convicted of two felony offenses: criminal mischief and
forgery.  The trial court then sentenced appellant to twenty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.

Following her conviction, appellant filed a motion for new
trial asserting she was entitled to a new trial because, at the time of her
trial, she was suffering from mental illness which prevented her from
understanding the consequences of her waiver of her right to a jury trial and
from assisting her trial counsel in presenting her defense.  The trial court
denied appellant=s motion.

Discussion

In two issues, appellant contends the trial court erred (1)
when it put appellant to trial without conducting an inquiry into appellant=s mental
competence; and (2) when it denied appellant=s motion for new
trial based on appellant=s contention the trial court was required
to conduct an inquiry into appellant=s mental
competence and failed to do so.

A.      The
Standard of Review








We review a trial court=s failure to
conduct a competency inquiry under an abuse of discretion standard.  LaHood
v. State, 171 S.W.3d 613, 617B18 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (citing Moore v. State, 999
S.W.2d 385, 393 (Tex. Crim. App. 1999)).  Similarly, the standard of review for
a trial court=s denial of a motion for new trial is whether the
trial court abused its discretion. Charles v. State, 146 S.W.3d 204, 208
(Tex. Crim. App. 2004).  The test for abuse of discretion Ais not whether, in
the opinion of the reviewing court, the facts present an appropriate case for
the trial court=s action; rather, it is a question of
whether the trial court acted without reference to any guiding rules or
principles, and the mere fact that a trial court may decide a matter within its
discretionary authority differently than an appellate court does not
demonstrate such an abuse.@  State v. Herndon, 215 S.W.3d 901,
907B08 (Tex. Crim.
App. 2007).  We do not substitute our own judgment for the trial court=s judgment.  Charles,
146 S.W.3d at 208.

B.      Did the
trial court err when it did not conduct an inquiry into appellant=s mental
competence?

A conviction obtained while the defendant is legally
incompetent violates due process of law.  McDaniel v. State, 98 S.W.3d
704, 709 (Tex. Crim. App. 2003) (citing Pate v. Robinson, 383 U.S. 375,
378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)).  A defendant is presumed competent
to stand trial and shall be found competent to stand trial unless proven
incompetent by a preponderance of the evidence.  LaHood, 171 S.W.3d at
618 (citing Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006)).  A
defendant is incompetent to stand trial if he does not have (1) sufficient
present ability to consult with his attorney with a reasonable degree of
rational understanding, or (2) rational as well as factual understanding of the
proceedings against him.  Id. (citing Tex. Code Crim. Proc. Ann. art.
46B.003(a)).








If evidence suggesting a person may be incompetent to stand
trial comes to the attention of the trial court raising a bona fide doubt as to
the defendant=s competency, the court must conduct an informal
inquiry outside the jury=s presence to determine whether there is
evidence to support a finding of incompetency to stand trial.  Id.  In
the inquiry, the court must determine whether there is some evidence to support
a finding of incompetency, and, if the court so finds, it must then commence a
hearing before a jury.  Id.   The requirements of each step must be
fulfilled before the next step becomes applicable.  Id.  Evidence
capable of creating a bona fide doubt about a defendant=s competency may
come from the trial court=s own observations, known facts, evidence
presented, motions, affidavits, or any other claim or credible source.  Id. 
Evidence is usually sufficient to raise a bona fide doubt if it shows recent,
severe mental illness, at least moderate retardation, or truly bizarre behavior
by the defendant.  Id.  If the evidence warrants a competency hearing
and the trial court denies the defendant a competency hearing, the defendant is
deprived of his constitutional right to a fair trial.  Id.

In her first issue, appellant contends there was sufficient
information available to the trial court both before and during appellant=s trial to invoke
the trial court=s duty under article 46B.004 to conduct an
informal inquiry into appellant=s competence to stand trial.  According to
appellant, this information consisted of the following: (1) appellant filed
three pro se motions to dismiss her court-appointed counsel and wrote letters
to the trial court criticizing her trial counsel and requesting probation; (2)
appellant rejected a plea bargain offer of ten years= incarceration in
the penitentiary when faced with a minimum sentence of twenty-five years if
found guilty; (3) appellant=s contradictory answers at her arraignment
as well as her trial testimony; and (4) appellant=s trial counsel
filed a Motion for Psychiatric Exam for Competency, which the trial court
granted.  Appellant then argues the trial court abused its discretion because
the appellate record does not show this informal inquiry.

With regard to the first item raised by appellant, the fact
a defendant may disagree with or be dissatisfied with her trial counsel is not
probative of competence to stand trial.  See Reed v. State, 112 S.W.3d
706, 711 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding that
filing pro se motions did not demonstrate incompetence but instead demonstrated
only appellant=s dislike of his appointed counsel).  Accordingly,
appellant=s initial contention does not establish an abuse of
discretion by the trial court.

Turning to appellant=s second
contention, while it may, in hindsight, appear to have been an unwise decision
by appellant to reject the plea bargain offered by the State, appellant cites
no authority for the proposition that a rejection of a plea bargain
demonstrates incompetence to stand trial.  Accordingly, we refuse to hold that
a criminal defendant, who decides to stand by her presumption of innocence and
require the State to prove, beyond a reasonable doubt, that she is guilty of
the charged offense, suggests she is mentally incompetent to stand trial.








Appellant also contends appellant=s contradictory
answers at her arraignment and her trial testimony were sufficient to require
the trial court to conduct an inquiry into appellant=s competence.  We
disagree.

The appellate record demonstrates appellant was able to
communicate with the trial judge and her defense counsel and demonstrated an
understanding of the proceedings against her.  Far from constituting evidence
of a lack of understanding of the proceedings against her, appellant=s apparent
indecisiveness on her plea instead demonstrates a very rational understanding
of the difficult position she found herself in as she realized the weight of
the evidence against her as well as the length of her potential punishment as
an habitual offender.  In addition, there was nothing irrational or bizarre
about appellant=s trial testimony.  Appellant testified
she took money from the complainant to buy drugs, to pay household bills, a car
note, and student loans.  Appellant also testified she took the money from the
complainant knowing the complainant would not have given her permission to use
the money if she had asked.  Because appellant=s conduct during
her arraignment and her trial testimony do not demonstrate bizarre behavior,
severe mental illness, or at least moderate retardation, it does not rise to a
level sufficient to require the trial court to conduct an inquiry into
appellant=s mental competence.   See Salahud-Din v. State,
206 S.W.3d 203, 209 (Tex. App.CCorpus Christi  2006, pet. ref=d) (trial court
did not abuse its discretion when it did not order a competency hearing after
defendant testified in his own defense at trial, lucidly answering questions
and attempting to establish self-defense as a justification for his actions). 








In her fourth contention, citing article 46B.004, appellant
asserts the trial court was required to conduct an informal inquiry into
appellant=s competence to stand trial once appellant=s trial counsel
filed the AMotion for Psychiatric Exam for Competency.@   Assuming
without deciding that the mere act of filing a motion for competency
examination automatically invokes the trial court=s duty to conduct
an informal inquiry into the defendant=s competence, we
conclude the appellate record establishes the trial court conducted such an
informal inquiry.  In an unpublished opinion addressing facts similar to those
at issue here, this court held the trial court=s granting of a
defendant=s motion for a psychological evaluation constitutes
some evidence the trial court conducted an inquiry into the defendant=s mental
competence but is no evidence of incompetency.  McGowan v. State, No.
14-05-00139-CR, 2006 WL 56105 *2 (Tex. App.CHouston [14th
Dist.] Jan. 12, 2006, pet. ref=d) (not designated for publication). 
While this case has no precedential value, we find the reasoning persuasive and
adopt it here.  Because the appellate record establishes the trial court
conducted an inquiry into appellant=s mental
competence, it did not abuse its discretion when it allowed appellant=s trial to go
forward.[1] 
We overrule appellant=s first issue.

C.      Did the
trial court abuse its discretion when it denied appellant=s motion for new
trial?

Following her conviction, appellant filed a motion for new
trial asserting she was incompetent at the time of her trial.  The trial court
denied appellant=s motion.  In her second issue on appeal,
appellant contends the trial court abused its discretion when it denied her
motion for new trial.  Because the grounds asserted in appellant=s motion for new
trial are identical to appellant=s contentions
found in her first issue on appeal, and we have overruled appellant=s first issue, we
overrule appellant=s second issue for the same reasons.

 

 

Conclusion








Having overruled appellant=s two issues on
appeal, we affirm the trial court=s judgment.

 

 

 

/s/      John S. Anderson

Justice

 

 

Panel consists of Justices
Anderson, Frost, and Senior Justice Hudson.*

Publish C Tex.
R. App. P. 47.2(b).      

 

 









[1]  To the extent appellant=s first issue can be construed to argue the trial court abused its
discretion when it allowed appellant to be tried even though the ordered
competency examination had apparently not occurred, the result does not
change.  On September 10, 2007, appellant=s case was called to trial and appellant announced Aready.@  Appellant did not inform the
trial court the ordered competency examination had not occurred and did not
object to going to trial on that basis.  Accordingly, appellant waived
consideration of this contention on appeal.  See Tex. R. App. P. 33.1(a); Ballard v. State, 514
S.W.2d 267, 268 (Tex. Crim. App. 1974).





*  Senior Justice J. Harvey Hudson sitting by
assignment.