M. Zepeda v. The State.

No. 11531.   Delivered May 16, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*Grover C. Morris, Frank W. Steinle* and *Walter Stout* for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

MORROW, PRESIDING JUDGE.—Offense, possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

In a motion to reinstate his appeal, the appellant presents a certified copy of the appeal bond, which under Art. 835, C. C. P., 1925, permitting an amendment of the bond, confers upon this court the jurisdiction of the appeal. There was a plea of guilty and proof of the offense was uncontroverted.

But one bill of exceptions is found and that deals with the argument of counsel for the State with reference to the issue of a suspended sentence. Appellant introduced testimony on the issue of his age. Several witnesses testified that they had no accurate knowledge as to his age, but estimated it as being from twenty-three to twenty-five years. His mother testified that he was twenty-four years old. The appellant said: "I guess I am over twenty-five years old." Counsel for the State, in his argument, told the jury in substance that upon the issue of age, the burden of proof was upon the appellant. An exception was reserved to these remarks, and the court was requested in a verbal motion to disregard them. The court, in overruling the objection, committed no error.

In the brief there is a discussion of the subject of insanity. It was recited in the judgment that the court was satisfied that the appellant was sane, and we fail to find any evidence to the contrary. The pertinency of the discussion of the subject and citation of authorities such as Burton v. State, 33 Tex. Crim. Rep. 138, and Harris v. State, 172 S. W. Rep. 975, is not perceived. We will add that the cases last mentioned have been discussed at some length in the case of Taylor v. State, 88 Tex. Crim. Rep. 479; see page 478.

The order of dismissal is set aside, and the judgment of the trial court is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The ground of this application is that the trial judge did not give appellant a hearing on the issue of his insanity before accepting his plea of guilty. We would not hold it

necessary for the trial judge to hear testimony, in such case. While Art. 501 of our C. C. P., provides that no plea of guilty in a felony case shall be received unless it plainly appear that the accused is sane, still, as said by us in Taylor v. State, 88 Texas Crim. Rep. 481:

"The question of sanity, when such plea of guilty is offered, is for the court and relates solely to the mental condition of the accused when making his plea and not to such condition when the offense was committed. The act of pleading guilty to the commission of a crime, a felony, which involves disgrace and heavy penalties, is so against his interest that it pleased the merciful framers of our laws to assume that a man would not do so in his right mind, and when free from hostile influences. So that the inquiry in such case is confined to the time of the plea and is only for the court. Hence it has always been held necessary that the judgment in such case should affirmatively show that the trial court had passed on this question and found the accused sane, as a prerequisite to accepting such plea. Sanders v. State, 18 Texas Crim. App. 372; Saunders v. State, 10 Texas Crim. App. 336; Wallace v. State, 10 Texas Crim. App. 407; Frosh v. State, 11 Texas Crim. App. 280; Harris v. State, 17 Texas Crim. App. 559; Burton v. State, 33 Texas Crim. Rep. 138; Coleman v. State, 35 Texas Crim. Rep. 404. Judge White in the Burton case, supra, says that sanity 'was necessarily an issue for the court in such plea.' In the Coleman case, supra, Judge Davidson says, referring to the question of insanity in connection with a plea of guilty: 'In our opinion, however, this is a matter which must be presented to the court, and the court must make its finding thereon, and this must be entered of record in connection with the plea of guilty. These prerequisites to the validity of the plea, and the acceptance thereof by the court, are indispensable, and must be made manifest of record.' "

The judgment upon the plea of guilty in the instant case affirmatively sets out the finding of the trial court that appellant was then sane. We might observe that the case of Harris v. State, 76 Texas Crim. Rep. 126, cited by appellant, was reviewed and in part disapproved in the Taylor case, supra. This court will not undertake to lay down rules by which trial courts must be governed in their procedure to satisfy themselves of the sanity of one offering to plead guilty in a felony case.

Appellant complains of the refusal of the district judge of Frio county to grant him a hearing upon the issue of his present insanity,

subsequent to his conviction and the affirmance of his case upon appeal. Such complaint has no place in this motion for rehearing, and will not be considered.

The motion for rehearing will be overruled.

*Overruled.*