DAN C. PARRISH v. STATE

No. 32,308. November 2, 1960

*John W. O'Dowd,* Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Morgan Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Atorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated, a felony; the punishment, 60 days in jail.

Appellant waived a jury and entered a plea of guilty. The sufficiency of the evidence to sustain the conviction is not challenged. The sole question presented for review is the alleged failure of the trial court to comply with the terms of Article 501, V.A.C.C.P., as amended, which reads as follows:

> "If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The omission of which appellant complains is failure of the court to make inquiry or hear evidence as to appellant's sanity. We do find that in his careful admonition the court asked appellant personally a number of questions; no evidence of insanity was offered, and the judgment recites, "it plainly appearing to the Court that said Defendant is sane." Holloway v. States, 148 Tex. Cr. Rep. 33, 184 S. W. 2d 479, is authority for affirming this conviction.

Alexander v. State, 163 Tex. Cr. Rep. 53, 288 S. W. 2d 779, upon which appellant relies, can have no application because there the trial court approved a bill of exception certifying that he failed to admonish the accused of the consequences of his plea of guilty.

The judgment is affirmed.