**Ex parte Billie Thomas ADAMS.**

**No. 41468.**

Court of Criminal Appeals of Texas.

July 10, 1968.

---

Will Gray, Houston, for applicant.

John B. Henderson, Jr., County Atty., Cameron, Crawford C. Martin, Atty. Gen., of Texas, Austin, Nola White, A. J. Carubbi, Jr., Robert C. Flowers and Monroe Clayton Asst. Atty. Gen. and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking the sentence of 2 to 50 years under which applicant is restrained by the Texas Department of Corrections. A prior attack upon the same sentence on other grounds was unsuccessful. Ex parte Adams, Tex. Cr.App., 383 S.W.2d 596 (1964).

The present application, denied by the judge of the convicting court without a hearing, presents the contention that appellant's imprisonment is unlawful and in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and contrary to the holding in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815.

The record before us in the 1964 attack upon the conviction and the court records, copies of which are attached to the state's brief, reflect all of the facts necessary to support the district judge's denial of the application without a hearing.

The facts relied upon by applicant are:

"Applicant was sixteen years old at the time of the offense. He was seventeen years old when he was indicted and tried for the offense of murder with malice. At his trials, he was represented by court-appointed counsel.

"Applicant's father, in advance of trial, filed an affidavit that Applicant was insane at the time of the offense and at the time of trial. A jury was impaneled in advance of trial to try the issues of insanity raised by such affidavit. This trial resulted in a hung jury, and the jury was discharged.

"Thereafter, the trial court granted what purported to be a motion to withdraw and dismiss Applicant's plea of insanity, signed by Applicant and his court-appointed lawyer. The trial judge then permitted the seventeen year old Applicant to enter a plea of guilty and the court assessed the punishment at fifty years imprisonment."

The conclusions upon such facts presented in the application are: "Both trial court, prosecutor and Applicant's court-appointed lawyer, ignored the substantial and reasonable doubt as to Applicant's sanity and mental competency raised by the undisputed fact that the pre-trial sanity hearing had resulted in a hung jury."

"Applicant was thereby denied the effective assistance of counsel, and a determination of his competency to stand trial. He was further deprived of a determination of his sanity at the time of the offense."

Contrary to such conclusions, the record reflects the following.

The affidavit of applicant's father that "I am of the opinion that he now and has been since prior to February 4, 1952, a person of unsound mind" was sworn to on May 17, 1952.

The jury impaneled to try the issues of present insanity and insanity at the time of the alleged offense (February 4, 1952) was discharged on May 27, 1952, after failing to agree.

On August 20, 1952, the court granted the motion signed and sworn to before the clerk on that day "to dismiss the plea of insanity heretofore filed in this cause for the reason that conditions contained in said plea have changed and Defendant is now able to aid in and assist in the conduct of his defense in said cause," and the court "ordered, adjudged and decreed that the plea of insanity heretofore entered be dismissed for said cause."

By writing filed the same day, signed by the defendant (applicant herein) and his counsel, the defendant waived his right to trial by jury, entered his plea of guilty to the charge against him, and asked the court to assess his punishment.

The waiver in writing reflects the signed agreement of the County Attorney to the waiver and the following order of the court:

> "The defendant in the above cause having expressed his desire to enter a plea of guilty, he was questioned and examined by the Court, and the Court finds that he is sane and uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess to his guilt, and such plea is by the Court received.

> O. D. Graham

> Judge of 20th Judicial District of Texas."

The statute, now Art. 26.13 Vernon's Ann.C.C.P., provides that neither the plea of guilty nor nolo contendere shall be received unless it plainly appears that the defendant is sane.

The judgment of conviction reflects that it plainly appeared to the court that the "defendant is sane."

Also, the record in Ex parte Adams, 383 S.W.2d 596, supra, includes an affidavit of Judge O. D. Graham dated October 14, 1965, and a copy of his order of August 20, 1952 which reads:

> "Upon the evidence as presented and upon the answers of the defendant, the Court is of the opinion and finds that the defendant, Billy Thomas Adams, is sane and is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt, that on the 4th day of February, A.D. 1952 when the offense was committed, the defendant was under the age of seventeen years and as provided in Art. 31 of the Penal Code of the State of Texas, he could not have the death sentence assessed against him, he is accordingly permitted to waive his right of trial by jury and enter a plea of guilty to the charge of murder pending against him in this cause and have his punishment assessed by the court.

> "Aug. 20, 1952

> O. D. Graham"

The contention that applicant's restraint is in violation of his constitutional rights or contrary to Pate v. Robinson, supra, is overruled.

The application for writ of habeas corpus is denied.

## DISSENTING OPINION

MORRISON, Judge.

Relator's application for writ of habeas corpus was denied without hearing by the Judge of the 20th Judicial District because the court was of the opinion that the same presented no allegations of fact which, if true, would entitle petitioner to the relief sought.

With this conclusion I do not agree. The facts are as follows: Petitioner was indicted for a murder alleged to have been committed on February 4, 1952, at which time petitioner was 16 years old. Said indictment was not returned until after he became seventeen.

Petitioner's father made an affidavit in which he stated that petitioner was a person of unsound mind. Thereafter, a jury was empaneled and heard evidence on the "issue of present insanity and insanity at the time of the alleged commission of the offense." After 23 hours of deliberation said jury was unable to agree on such issues and was discharged. Less than three months later, petitioner's counsel, alleged to have been court-appointed, moved that the court dismiss the plea of insanity, which motion was by the court on the same day granted. Also on the same day, petitioner waived a jury, plead guilty and was sentenced to 50 years.

The Court of Criminal Appeals of Oklahoma had before it exactly the same question in Signs v. State, 35 Okl.Cr. 340, 250 P. 938. They quoted from the Supreme Court of California as follows: "Counsel for defendant cannot waive an inquiry as to the question of insanity of a defendant."

This Court has as recently as Townsend v. State, 427 S.W.2d 55, recognized that Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, holds that "the conviction of an accused person while he is legally incompetent violates due process."[1]

Where a jury of twelve men were unable to agree upon the issue of petitioner's sanity after lengthy deliberation, it would tax the credulity of any jurist to say that a judge might without further hearing conclude that petitioner was competent to stand trial. Confronted with a similar fact situation, the Court of Appeals for the District of Columbia Circuit, in Pouncey v. United States, 121 U.S.App.D.C. 264, 349 F.2d 699, said at 701, that "here, the judge allowed the trial to proceed without even an intimation that a problem was presented", and reversed the conviction.

Having concluded that the judge's finding petitioner sane and accepting his plea of guilty under the circumstances constituted a deprivation of due process, I conclude that the writ of habeas corpus should be granted.

I respectfully dissent to the refusal of the majority to grant the same.

---

[1]. See the opinion of the Court of Appeals for the Seventh Circuit in United States ex rel. Robinson v. Pate, 345 F.2d 691, where the Court said: "the trial judge is required, whenever a bona fide doubt is raised as to the defendant's sanity at the time of the trial, *to impanel a jury and conduct a sanity hearing.* * * *

This procedure satisfies the requirement of due process; to deny the established procedure to a particular accused, however, is a denial of due process." Affirmed Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836. See also Johnson v. United States (CA5), 344 F.2d 401.