**Billie Gene RING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42579.**

Court of Criminal Appeals of Texas.
Jan. 7, 1970.

Rehearing Denied Feb. 25, 1970.

Jake C. Cook, Fort Worth (Court Appointed on Appeal Only), for appellant.

Frank Coffey, Dist. Atty., and Ben H. Tompkins, Otto C. Stephani and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ONION, Judge.

This is an appeal from a conviction for the unlawful possession of codein with the punishment assessed at two (2) years' confinement in the Texas Department of Corrections.

Although appellant does not complain thereof, we note at the outset a somewhat unusual procedure was here employed.

It appears appellant was accorded a bifurcated trial at his request upon a plea of guilty. On May 27, 1969, a jury was empaneled and heard evidence on appellant's plea. The court instructed the jury to return a verdict of guilty and they did. They were not, however, permitted to assess punishment. On July 2, 1969, the punishment was determined by the trial court.

Article 37.07, Vernon's Ann.C.C.P., provides for bifurcated trials in all criminal cases, other than misdemeanor trials of which the Justice or Corporation Courts have jurisdiction, *which are tried before a jury on a plea of not guilty*. Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732. That procedure is not applicable to pleas of guilty in a felony case before a jury. Such procedure is governed by Article 26.-14, V.A.C.C.P.

In Darden v. State, Tex.Cr.App., 430 S.W.2d 494, it was stated:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex. Cr.R. 209, 144 S.W.2d 276; Hawkins v. State, 158 Tex.Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097; Crumbley v. State, 103 Tex.Cr.R. 391, 280 S.W. 1064." See also Bendaw v. State, Tex.Cr.App., 429 S.W.2d 506; Reyna v. State, Tex.Cr. App., 434 S.W.2d 362.

Since the very purpose of offering evidence before a jury on a plea of guilty in a felony case is to enable them to properly assess the punishment, it seems a rather useless thing to empanel a jury and then not permit them to assess the punishment after hearing evidence offered for that purpose.

Rojas v. State, Tex.Cr.App., 404 S.W.2d 30, was reversed when the jury was not permitted to assess punishment on the plea of guilty and appellant insisted on that procedure.

In the case at bar, however, the appellant made a pre-trial request that the judge rather than the jury assess punishment. His request was honored. We, therefore, perceive no fundamental error which would call for reversal in this non-capital case where the death penalty was not applicable, even though the procedure was not in accordance with the Code of Criminal Procedure. Cf. Williams v. State, Tex.Cr. App., 415 S.W.2d 917; Jones v. State, Tex. Cr.App., 416 S.W.2d 412.

■ Turning now to the appellant's grounds of error, we find he initially contends he was never formally arraigned as required by Article 26.01, V.A.C.C.P. This contention is based on the fact that in one place in the written instrument reciting such arraignment the name of the appellant is spelled "King" instead of "Ring." Elsewhere in that instrument and throughout the record approved without objection the appellant is referred to as Billie Gene Ring. In fact, the transcription of the court reporter's notes clearly reflects appellant was properly arraigned. See also Article 44.24, V.A.C.C.P. We cannot agree that this obvious typographical error calls for reversal.

Ground of error #1 is overruled.

■ A like contention is presented with regard to the sentence. If there was a single typographical error in the sentence found in the record as to the appellant's name it was corrected before the record reached this Court. Throughout the sentence the appellant's name is spelled "Ring" rather than "King." No error is presented.

Ground of error #2 is overruled.

Next, appellant contends the court erred in permitting him to be tried before a jury attired in jail coveralls.

At the commencement of the voir dire examination of the jury panel the court stated to such panel: "Mr. Ring is seated over here, in the cover-alls."

This is the only support found in the record for appellant's contention. There was no objection to appellant's attire and no request for permission to change clothes. No showing was made that other clothing was available. Appellant entered a guilty plea before the jury. As earlier observed, such a plea in a felony admits the existence of all facts necessary to establish guilt. See Darden v. State, supra. In the case at bar the jury did nothing more than return a verdict of guilty. If the "cover-alls" referred to were in fact jail garb, there is no showing that appellant has been harmed or prejudiced. No reversible error is presented. Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807; Wilkinson v. State, Tex. Cr.App., 423 S.W.2d 311; Garcia v. State, Tex.Cr.App., 429 S.W.2d 468.

Ground of error #3 is overruled.

We do note, however, that every effort should be made to avoid trying an accused while in jail garb. See Brooks v. Texas, 5 Cir., 381 F.2d 619; Clark v. State, Tex. Cr.App., 398 S.W.2d 763, cert. den. 385 U.S. 1011, 87 S.Ct. 722, 17 L.Ed.2d 549.

Lastly, appellant contends the court erred "in holding" him "sane without any evidence concerning his sanity being introduced."

Before accepting a guilty plea it must plainly appear to the court that the accused is sane. See Article 26.13, V.A.C.C.P. Many trial judges follow the practice of carefully inquiring into the question of an accused's sanity before accepting a plea of guilty or nolo contendere in a felony case and have such inquiry incorporated in the record. It is well established, however, that the court need not hear evidence unless an issue is made of the same. Zepeda v. State, 109 Tex.Cr.R. 473, 7 S.W.2d 527; Holloway v. State, 148 Tex.Cr.R. 33, 184 S.W.2d 479; Parrish v. State, 170 Tex.Cr.R. 186, 339 S.W.2d 670. No issue of appellant's sanity was raised.

Appellant's contention is based on the fact that the record indicates he was ordered taken by the court to the Elmwood Sanitarium for psychiatric examination the day before trial. If a report of such examination was made, it is not in the record before us, and appellant now makes no claim that such report reflected he was insane or incompetent to stand trial.

In admonishing the appellant as to the consequences of his guilty plea, the trial judge noted there had been such an examination and carefully inquired of the appellant as to his age, education, background, etc., before accepting the plea. Thereafter he instructed the jury and stated in the judgment that it plainly appeared to him that the appellant was sane.

Before it may be said that a trial judge denied an accused a fair trial by failing to conduct a sanity hearing or inquiry, it must appear that the facts and circumstances which came to the court's attention were sufficient to indicate the necessity of such hearing or inquiry. See Daugherty v. Beto, 388 F.2d 810 (5 Cir.), cert. den. 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447.

We perceive no error. See Ex parte Adams, Tex.Cr.App., 430 S.W.2d 194, cert. den. 393 U.S. 1056, 89 S.Ct. 694, 21 L.Ed.2d 697.

Ground of error #4 is overruled.

Finding no reversible error, the judgment is affirmed.