Richard KOLKE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16546.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Richard Kolke, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Illegal Sale of Marijuana; his punishment was fixed at seven (7) years imprisonment, and a fine of $5,000.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a detailed statement of facts. Suffice it to say, that John Kane, an undercover police officer, purchased a baggie of marijuana from the defendant on July 10, 1969, at approximately 12:00 noon in a car parked in front of the Der Wienerschnitzel Drive-in in Oklahoma City.

Officers Legg and Burns, who were parked across the street, observed Officer Kane at the drive-in when he handed something to the defendant. The substance in the baggie was identified by a chemist for the Oklahoma Bureau of Investigation as being marijuana.

The defendant did not testify, nor was any evidence offered in his behalf.

The first proposition asserts improper argument by the prosecuting attorney. Defendant argues under this proposition that the Assistant District Attorney made reference to the failure of the defendant to testify, and that said reference constituted reversible error. The Record reflects that in the final portion of the closing argument, the Assistant District Attorney stated as follows:

". . . Why didn't they bring *McCorkel* back here who could have denied all this? Said no, it wasn't *Kolke* here, it was somebody else. Why didn't they bring him back? Didn't even talk about making any effort for it. I can use the same argument he made.

"Apparently because he knew that *Kolke* didn't want to get up here and perjure himself. You are under oath, you are under penalty of perjury when you take that stand.

"MR. SAMARA: Wait just a minute. Comes now the defendant and moves the Court for a mistrial for the reason that the State in their argument has made reference to the fate of the defendant to take the stand and they are prohibited from bring up such a thing before a Jury.

"MR. SWARTZ: I am talking about *McCorkel.*

"MR. SAMARA: No, read it back. He said *Kolke,* read it back he said *Kolke.*

"(The reporter reads back that portion of argument specified.)

"THE COURT: Well, that last statement will be withdrawn from the Jury and you will be giving it no consideration. Whether an oversight or what, you will ignore it." (Tr. 129—130) (Emphasis Added)

It is apparent to this Court that the reference to "Kolke" was inadvertent, and that the prosecutor was referring to "McCorkel." We further observe that the trial court admonished the jury to disregard the inadvertent statement. In Murff v. State, Okl.Cr., 379 P.2d 710, this Court, speaking

through the Honorable Kirksey Nix, stated the rule:

> "An admonition to a jury not to consider the remarks of counsel usually cures an error unless it is of such a nature as, after considering the evidence, appears to have determined the verdict."

In the instant case, the evidence of defendant's guilt is overwhelming, and we cannot conclude that the inadvertent remark of the prosecuting attorney effected in any manner the verdict. Defendant also argues under this proposition that the prosecuting attorney made the further improper argument:

> "Now, what kind of punishment do you set for a person like this? Under the evidence and the instructions in this case, you can be given up to seven years and $5,000.00, merely for the possession of marijuana, for possession first offense.
>
> "We have much more than that here, ladies and gentlemen. We don't have a first offense, the evidence shows he sold it twice on that day." (Tr. 132—133)

We need only to observe that it was the defendant that brought out on cross examination that the defendant was charged and tried with a similar offense occurring on the same day. The defendant introduced as evidence an Information reflecting that the defendant was charged with the same offense, occurring on the same date. This Court has previously frowned on "laying behind the log" tactics of defense counsel by creating error, and then complaining of such on appeal. Ferrell v. State, Okl.Cr., 475 P.2d 825 (1970).

■ The final proposition asserts that the punishment is excessive. We are of the opinion that, considering the totality of the circumstances, justice would best be served by modifying the judgment and sentence to a term of four (4) years imprisonment, and a fine of $1,000, and costs, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs in results.

SIMMS, J., concurs.