Tracy Lee THORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46527.

Court of Criminal Appeals of Texas.

March 14, 1973.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Voll-

ers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant plead nolo contendere before the court to the offense of fondling the sexual parts of a ten year old girl with lascivious intent; the punishment five (5) years.

His first ground of error is that the record shows he was convicted on a date prior to the return of the indictment.

█ He was tried on May 26, 1972. While it is true that the order reciting the return of the indictment shows it to have occurred on November 29, 1972, the order receiving same shows the date to be November 29, 1971. The indictment shows to have been filed on November 29, 1971, as does the date of filing on the docket sheet. Also, the docket sheet shows appointment of counsel on December 20, 1971. It is obvious that the first date is a clerical error, and that the indictment was returned and filed on November 29, 1971, and was pending almost six months before the trial, hence, ground of error number one is overruled.

Grounds of error two, three and four allege that the court failed to properly admonish appellant of the consequences of his plea of nolo contendere, failed to ascertain that he was sane, and that his plea was uninfluenced by any persuasion or delusive hope of pardon. These grounds will be discussed together.

Article 26.13, Vernon's Ann.C.C.P. reads:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompt-

ing him to confess his guilt. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

The consequences of his plea of nolo contendere were that he would be found guilty and his punishment fixed at confinement in the "state penitentiary" for any term not to exceed 25 years, or confinement in the county jail for not less than 30 days nor more than 2 years. This was explained to appellant after which he said he understood it and still wanted to plead nolo contendere.

█ It is well established that if no issue of sanity is raised, the court need not hear evidence on this question. Zepeda v. State, 110 Tex.Cr.R. 57, 7 S.W.2d 527; Holloway v. State, 148 Tex.Cr.R. 33, 184 S.W.2d 479; Parrish v. State, 170 Tex.Cr.R. 186, 339 S.W.2d 670; Ring v. State, Tex.Cr.App., 450 S.W.2d 85; Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

█ The judgment of the court recited that in open court the defendant "pleaded nolo contendere to the charge contained in the indictment; thereupon the defendant was admonished by the court of the consequences of the said plea and the defendant persisted in entering said plea, and it plainly appearing to the court that the defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him," etc.

Before accepting the plea of nolo contendere, the court asked the appellant how he plead to the allegations contained in the indictment, to which he answered, "Nolo contendere."

Upon being questioned further by the court before accepting the plea, appellant assured the court that he was pleading nolo contendere as a free and voluntary act, that no one had threatened him, forced him, bribed him, given him any money or valuable thing, made any promises, held any offer of pardon or parole or inducement of that nature to try to get him to

enter the plea, that no one had coerced him or induced him to make that plea.

After the punishment was explained to him as hereinabove set forth, the court asked him: "Knowing all that, do you still wish to enter a plea of nolo contendere to the charge?" To which he answered, "Yes, sir." Whereupon the court accepted the plea as voluntarily made.

We hold that there was compliance with Art. 26.13, and that the recital in the judgment above quoted is amply supported.

Grounds of error two, three and four are overruled.

We have considered appellant's additional grounds of error and the record relating thereto and find them without merit and overrule them.

The judgment is affirmed.

No motion for rehearing will be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

Opinion approved by the Court.