**Willie Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46616–46621.**

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied April 25, 1973.

Ruth Jackson Blake, Robert H. Lord, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of two offenses of robbery by assault (cause No. 46,617 and cause No. 46,619) and of four offenses of rape (cause No. 46,616; No. 46,618; No. 46,620; No. 46,621). Punishment in each case was assessed by the court at 45 years. The sentences were ordered to run concurrently. Appellant appeals each case on identical grounds of error.

The appellant waived jury trial and entered a plea of guilty before the court to each of the six separate charges.

■ By his first ground of error appellant complains that the trial court erred by accepting his pleas of guilty without inquiring into the issue of his sanity. On the issue of sanity, the following exchange is reflected:

"THE COURT: Have you ever been treated psychiatrically or been a patient in a mental institution for a mental illness?

DEFENDANT: I saw a psychiatrist one time when I was in jail.

THE COURT: On these charges here you saw a psychiatrist?

DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Mr. Lord, (counsel for defendant) are you satisfied that your client appreciates the nature of these proceedings and the consequences of a guilty plea here today?

MR. LORD: Yes, Your Honor, I am."

No issue was made at the time the pleas were entered regarding the appellant's sanity.

Appellant does not claim that the court failed to admonish him as to the consequences of his pleas nor does he claim the court failed to inquire into the matter of sanity. Rather, his complaint is that once appellant stated that he had seen a psychiatrist, the trial court should have, sua sponte, inquired further into the matter of sanity either by questions from the bench or by conducting a sanity hearing.

As noted above, the court did go further and inquired of appellant's counsel whether he was satisfied that appellant appreciated the nature of the proceedings and the consequences of the pleas. And although the court did not announce orally that appellant appeared sane, the judgment recites, ". . . and it plainly appearing to the court that defendant was sane . . . the said plea was accepted by the court." This court has held that such a recitation in the judgment is a sufficient compliance with Article 26.13, Vernon's Ann.C.C.P.[1] unless the record demonstrates the contrary. Kane v. State, Tex.Cr.App., 481 S.W.2d 808; Ring v. State, Tex.Cr. App., 450 S.W.2d 85. In Ring v. State, supra it is written:

"Before accepting a guilty plea it must plainly appear to the court that the accused is sane. See Article 26.13, V. A.C.C.P. Many trial judges follow the practice of carefully inquiring into the question of an accused's sanity before accepting a plea of guilty or nole contendere in a felony case and have such inquiry incorporated in the record. It is well established, however, that the court need not hear evidence unless an issue is made of the same. Zepeda v. State [Tex.Cr.App.], 7 S.W.2d 527; Holloway v. State [148 Tex.Cr.R. 33], 184 S.W.2d 479; Parrish v. State [170 Tex.Cr.R. 186], 339 S.W.2d 670. No issue of appellant's sanity was raised."

1. Article 26.13 provides as follows:
"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

\*  \*  \*  \*  \*  \*

"Before it may be said that a trial judge denied an accused a fair trial by failing to conduct a sanity hearing or inquiry, it must appear that the facts and circumstances which came to the court's attention were sufficient to indicate the necessity of such hearing or inquiry."

If an inference is to be drawn from the fact that appellant has talked with a psychiatrist in the present case and then persists in pleading guilty, it is not that he is insane or incompetent, but rather that a proper inquiry has been made which produced no results favorable to the assertion of insanity or incompetence.

Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that the evidence is insufficient to support the convictions in that the written stipulations of evidence are illegible and therefore void.

The written stipulations in each of the cases begins:

"COMES NOW Willie Lee Williams, the defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:"

The remaining portion of the written stipulations in the four rape cases is not typewritten but handwritten. We have reviewed the stipulations in each case and have found that each recites all of the elements of the offense charged and each is sufficient to support the conviction under Article 1.15, V.A.C.C.P. Further, contrary to appellant's assertion, the handwritten portions of the written stipulations in the four rape cases are legible and sufficient to support the convictions.

Appellant's second ground of error is overruled.

Finding no reversible error, the judgments are affirmed.