Harold B. WHITE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46310–46312.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 13, 1973.

Second Rehearing Denied June 27, 1973.

Malcolm Dade (Court appointed on appeal) Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction in Cause No. 46,310 is for the sale of marihuana. The jury assessed punishment at sixty years imprisonment after a trial on a plea of not guilty.

The conviction in Cause No. 46,311 is for the delivery of amphetamine, a dangerous drug. The jury assessed punish-ment at ten years imprisonment after a plea of guilty.

The conviction in Cause No. 46,312 is for the possession of marihuana. The jury assessed punishment at forty years imprisonment after a trial on a plea of not guilty.

We have considered the appellant's pro se briefs and find the contentions made therein to be without merit. Counsel for the appellant on appeal has filed a separate brief in each case. The alleged grounds of error will be discussed under the appropriate cause number.

CAUSE NO. 46,310

The appellant's contention is that the trial court erred in failing to charge on the defensive theory.

The appellant testified that, although he was present, it was a person by the name of "Spider" who had sold the marihuana to Officer Phillips. He testified that the money was handed to him by "Spider" because "Spider" was indebted to him. It is urged that the defensive theory raised by the appellant should have been submitted to the jury.

The appellant did not object in writing to the court's charge for its failure to submit the defensive theory now urged, and the appellant did not submit a requested charge on this theory of the case. The appellant having failed to object or to make the request in writing as required by Articles 36.14 and 36.15, Vernon's Ann.C. C.P., preserved nothing for review. See e. g., Rogers v. State, 420 S.W.2d 714 (Tex. Cr.App.1967); Elmo v. State, 476 S.W.2d 296 (Tex.Cr.App.1972); Woods v. State, 479 S.W.2d 952 (Tex.Cr.App.1972) and Douthit v. State, 482 S.W.2d 155 (Tex.Cr. App.1972).

The appellant argues that it is the duty of the trial court to charge on all defensive theories raised even in the absence of an objection to the charge or a request for such a defensive charge. He asks that

all cases holding to the contrary be overruled. This we decline to do.

■ In a supplemental brief the appellant urges that the sentence of sixty years confinement assessed by the jury was cruel and unusual punishment, both under the Constitution of the United States and the Constitution of this State.

There are now numerous decisions of this court holding contrary to the contention here made. See, e. g., Sills v. State, 472 S.W.2d 119 (Tex.Cr.App.1971); Samuel v. State, 477 S.W.2d 611 (Tex.Cr.App. 1972) and Mabry v. State, 492 S.W.2d 951 (Tex.Cr.App.1973).

### CAUSE NO. 46,311

The first ground of error alleges that: "The trial court erred in accepting the appellant's plea of guilty before an open court since there was no finding of sanity at that time."

■ Article 26.13, V.A.C.C.P. provides that the court will not accept a plea of guilty unless it plainly appears that the defendant is sane. The judgment in this case recites ". . . and it plainly appearing to the court that the said defendant is sane." The record which is before us was made on the trial of all three cases. It shows that the appellant testified fully and articulately and that he was a well educated person, having attended King's College in Cambridge, England. The record reflects that the trial court had an adequate opportunity to observe the demeanor of the appellant during the trial. Nothing appears in the record which would show the appellant's sanity was in question. This contention is raised for the first time on appeal. We find it to be without merit. See Kane v. State, 481 S.W.2d 808 (Tex. Cr.App.1972); Perez v. State, 478 S.W.2d 551 (Tex.Cr.App.1972) and Parrish v.

State, 170 Tex.Cr.R. 186, 339 S.W.2d 670 (1960).

Ground of error number two is that: "Adequate warnings were not given the appellant upon his plea of guilty, thus he could not knowingly and voluntarily waive certain constitutional rights."

In accepting the appellant's plea of guilty, the court, using the statutory wording of Article 26.13, V.A.C.C.P., ascertained the voluntariness of the appellant's plea of guilty. The court fully explained to the appellant that he had a right to separate trials on all three charges. We hold the "warnings" were sufficient.

### CAUSE NO. 46,312

The only ground of error is that: "The trial court improperly permitted the appellant to have all three cases tried together, although the appellant consented thereto, without informing the appellant of the consequences of a joint trial of those cases."

■ The record reflects that the appellant was carefully advised that he had a right to separate trials in each of the cases. He personally waived the right and agreed to be tried on the charges in three indictments at the same time. The appellant contends that, although he waived the right to separate trials, the effects of such waiver were not explained to him and he did not knowingly waive this right. We are at a loss to know what explanation the appellant expected from the trial court. Whether the three different charges should be tried separately or together was a matter of strategy, tactics and judgment to be decided upon by the appellant and his counsel. It is not within the proper province of the trial court to attempt to explain trial strategy. We find this contention to be wholly without merit. See Reed v. State, 477 S.W.2d 904 (Tex.Cr.App.1972).

The judgments are affirmed.

Opinion approved by the Court.