**Frederick WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47171–47174.**

Court of Criminal Appeals of Texas.

July 17, 1973.

---

1. A copy of this opinion is to be furnished to the Texas Department of Corrections.

Wesley H. Hocker, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell & Henry Oncken, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for four offenses with punishment as follows:

| No. 47,171 | Possession of heroin | 15 years |
| No. 47,172 | Theft of a credit card | 2 years |
| No. 47,173 | Theft of property over the value of $50 | 10 years |
| No. 47,174 | Robbery by assault | 15 years |

The sentences were not cumulated.

Appellant contends that the trial court erred in accepting his plea of guilty on the ground that Article 26.13, Vernon's Ann.C.C.P., was not followed when the court failed to inquire if he so pled because

of "any persuasion or delusive hope of pardon."

After the admonishments of the range of punishment involved, the record reflects a part of the proceedings as follows:

"THE COURT: Are you prepared at this time, Mr. Williams, to enter a plea to the charges against you in the indictments?

"THE DEFENDANT: Yes, sir.

"THE COURT: How do you plead, sir?

"THE DEFENDANT: Guilty.

"THE COURT: Are you pleading guilty to all of these cases because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone threatened you in any manner, to force you to plead guilty, promised yon anything to induce you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: All right, I will accept your plea and hear the evidence."

The judgment recites: ". . . it plainly appearing to the court that defendant was sane, that he was uninfluenced by any consideration of fear, persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the court. . . ."

It appears that in the present case the court was in a better position to determine that appellant was not pleading guilty because of ". . . some delusive hope of pardon" by ascertaining that he had not been promised anything or had not been threatened. Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174, and other cases collated under Article 26.13, supra.

The appellant also complains that the court did not question him about his sanity. Article 26.13, supra, provides that a plea of guilty shall not be received unless it plainly appears that the defendant is sane.

In Kane v. State, 481 S.W.2d 808 (1972), this Court held that, where no issue regarding insanity was made at the time the guil-

ty pleas were entered, the defendant could not contend on appeal that the trial court failed to ask questions or adduce evidence as to his sanity. See Perez v. State, Tex. Cr.App., 478 S.W.2d 551.

In Ring v. State, Tex.Cr.App., 450 S.W. 2d 85, it was noted that many trial judges follow the practice of carefully inquiring into the question of an accused's sanity before accepting a plea of guilty or nolo contendere in a felony case and have such inquiry incorporated in the record. The Court wrote:

">    .    .    It is well established, however, that the court need not hear evidence unless an issue is made of the same. Zepeda v. State, 109 Tex.Cr.R. 473, 7 S.W.2d 527; Holloway v. State, 148 Tex.Cr.R. 33, 184 S.W.2d 479; Parrish v. State, 170 Tex.Cr.R. 186, 339 S.W.2d 670."

■ No issue of appellant's sanity was raised. The court observed the appellant and conversed with him.

No reversible error is shown. The judgments are affirmed.

ONION, P. J., and ROBERTS, J., dissent.