**Frank Joseph ABELL,**
**Plaintiff–Respondent,**

v.

**STATE of Missouri,**
**Defendant–Appellant.**

No. 41894.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Nov. 12, 1980.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lisa Camel, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for defendant–appellant.

William J. Shaw, Public Defender, Michael Young, Asst. Public Defender, Clayton, for plaintiff–respondent.

CRIST, Judge.

Appeal by the state from a ruling on a Rule 27.26 motion wherein movant's fifty year sentence for the sale of marijuana was vacated and a lesser, ten year sentence, imposed. We reverse and remand with instructions to reinstate the fifty year sentence.

Movant was sixteen years old when first charged in juvenile court with the commission of six felonies in 1974, to–wit: (1) The sale of 100 amphetamine tablets; (2) The sale of 38.5 grams of marijuana; (3) The sale of .15 grams of phencyclidine; (4) The sale of .15 grams of amphetamine; (5) Possession of 76 grams of marijuana; and (6) The purchase and sale of stolen property. At the time, movant had no prior record of drug violations.

Movant was certified to stand trial as an adult on the six aforementioned felonies, and eventually pleaded guilty to those felonies numbered (1) and (2) above. Although a presentence investigation report recommended that probation be denied, on July 24, 1975, the trial judge sentenced movant to five years imprisonment for the amphetamine sale, suspended execution of the sentence and placed movant on five years probation. The trial judge then suspended imposition of the sentence and gave movant five years probation for the charge which stemmed from the sale of marijuana. On September 12, 1975, and again on October 21, 1975, in contravention of the terms of his probation, movant engaged in the felonious sale of yet another controlled substance, specifically, hashish.

Subsequently, on February 2, 1976, movant was brought before the same trial judge for a probation revocation hearing. The judge revoked both probations and sentenced movant to fifty years for the 1974 marijuana sale conviction, said term to be served consecutively with the five year term for the amphetamine sale.[1]

Movant filed his Rule 27.26 motion and also moved for disqualification of the judge who imposed the fifty year sentence. Movant's motion to disqualify was granted, as was the state's motion to disqualify the second judge appointed. A third judge was randomly assigned and it was he who vacated the fifty year sentence and reimposed a lesser, ten year term. This action was predicated upon the stated ground that the fifty year sentence for the sale of marijuana was so excessive as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri. Movant does not contend, nor may it be contended, that his punishment fell outside the limits prescribed by statute. The range of punishment for the sale of marijuana, a Schedule I controlled substance, is not less than five years nor more than life imprisonment. Section 195.200.1(4), RSMo 1975 Supp.

■ Initially, we note that we are obliged to affirm the ruling of the Rule 27.26 judge unless it appears that his findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j). "Clearly erroneous means the appellate court has a definite and firm conviction that a mistake has been committed." *Nelson v. State*, 537 S.W.2d 689, 693 (Mo.App.1976). In this particular instance, the mistake committed was the enounced conclusion of the Rule 27.26 judge that the rule in *State v. Cook*, 440 S.W.2d 461 (Mo.1969) which, "approves any sentence as long as it is within the range of punishment prescribed by the applicable statute .... conflicts with constitutional considerations and is therefore deemed not controlling." Inasmuch as we believe the Rule 27.26 judge either misapplied or ignored the pertinent and existing case law of this state, it committed error.

1. Movant later pleaded guilty to the lesser charge of two counts of *possession* of hashish and was sentenced therefor to two concurrent three year terms, said terms to be served concurrently with the earlier imposed five year sentence for the amphetamine sale.

As we interpret the various cases of this state which recite the appropriate standard of review for sentences allegedly excessive, *Cook, supra*, indicates a judicial predilection to defer to the right of the legislature to set the range of punishment.[2] This predilection might well be likened to the creation of a presumption, i. e., that sentences within the prescribed statutory limits are not excessive. However, the presumption is not irrefutable, and is tempered with some measure of judicial review where the punishment, though within statutory limits for the offense, "is so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *State v. Mitchell*, 563 S.W.2d 18, 26 (Mo. banc 1978). There is also language in a number of decisions which leaves us with considerable doubt that such a claim (excessive imprisonment within statutory limits constitutes cruel and unusual punishment) may be entertained in the absence of an allegation and accompanying proof that the sentence was the result of the trial court's prejudice or was induced by corruption. *Hill v. State*, 543 S.W.2d 809 (Mo.App.1976); *State v. McRae*, 528 S.W.2d 794 (Mo.App. 1975).

In any event, we do not believe that imposition of the fifty year term was a punishment so disproportionate to the offense committed as to shock the moral sense of *all* reasonable men, in light of the surrounding circumstances. See *Whitlock v. State*, 538 S.W.2d 60, 61–62 (Mo.App. 1976).

We have gleaned a few excerpts from both the original sentencing proceeding and the later probation revocation hearing which we believe aptly demonstrate the trial court's reasonable approach to the considerations with which it was faced, and which further demonstrate that movant was apprised of the consequences of a probation violation. These excerpts follow:

*Sentencing Proceeding*

The Court: Do you understand, Mr. Abell, on a plea of guilty, you are facing life imprisonment?

A: Yes, sir.

The Court: Do you understand, that includes any number of years, such as 20, 30, 40, 50 years and so forth?

A: Yes, Your Honor.

\* \* \* \* \* \*

The Court: I am placing you on probation. You are going to have to do six months at Gumbo. The reason for that is, showing anyone also that sells drugs to not go scot free. In addition, you are still facing life imprisonment. Do you understand?

A: Yes, Your Honor. . . .

[Defense Counsel]: Do you understand, if he suspends imposition of sentence on this charge, he is not sentencing you at this time, on the second charge. If, in fact, you'd get in trouble after six months in jail or after today, he can sentence you anywhere to life. It simply wouldn't be five years. .

The Court: Do you understand that?

A: Yes. I don't know, it is up to you. I can't really say anything. I'd like to not be doing any time since I have already done six months and go on with my job.

2. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), the most recent Supreme Court decision in this field recognizes, and cites with approval, a judicial "reluctance to review legislatively mandated terms of imprisonment." The Rummel Court draws a distinction marking a " 'bright line' between the punishment of death and the various other permutations and commutations of punishments short of that ultimate sanction." Of particular significance is the language the Court adopts at 100 S.Ct. 1139 which suggests, "one could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of a sentence actually imposed is purely a matter of legislative prerogative."[11] (Footnote 11: This is not to say that a proportionality principle would not come into play in the extreme example mentioned by the dissent, post at 1146–1147, if a legislature made overtime parking a felony punishable by life imprisonment.)

The Court: All right. I'm going to give you that chance. You might get a copy of the morning Globe and see yesterday I sentenced a man to 99 years awhile ago.

A: I appreciate the chance.

\* \* \* \* \* \*

The Court: You almost didn't [get the chance] because the Board recommended against probation. And, I hope the result of this morning, you have no doubt but what I will sentence you.

\* \* \* \* \* \*

*Probation Revocation Hearing*

The Court: I will state on the record, prior to sentencing, that the length of time that Mr. Abell remains in the Missouri Department of Corrections is entirely at the discretion of the Missouri State Board of Probation and Parole. They can parole Mr. Abell at any time they determine Mr. Abell has been rehabilitated and at any time they determine it would be proper to parole Mr. Abell, regardless of the sentence I impose. . . .

The State Legislature has set extremely lengthy sentences for sales of drugs, is why I have tried probation on drug sale cases. In this instance it has failed and Mr. Abell has returned to sale of drugs.

As did the court in *Mitchell, supra,* this court recognizes the potential for rational minds to differ concerning the use of marijuana (or, we suppose, any drug). These differences may manifest themselves in the belief that the sale of marijuana should be, or should not be, proscribed, and if proscribed, will defer as to just what the penalty should be. However, we decline the opportunity to pass judgment on the relative merits of either stand, lest we be considered as merely involved in second guessing the second guesser (the Rule 27.26 judge).

▪ Movant although a juvenile, was charged with six felonies (five related to drug sales) and was certified to stand trial as an adult on all of them. He pleaded guilty to two felony drug sales and was given probation on both, contrary to the recommendation of the presentence investigation report. Once afforded probation (and not two full months after this court appearance for sentencing) movant again engaged in felonious drug–related activity by selling hashish to police. He eventually pleaded guilty to two counts of hashish possession, reduced from the charge of hashish sale. In consideration of this activity, and given the factual backdrop, it cannot be said as a matter of law that movant's fifty year term shocked the moral sense of *all* reasonable men, and the Rule 27.26 judge erred by so concluding.

Reversed and remanded with instructions to reinstate movant's fifty year sentence.

REINHARD, J., concurs.

DOWD, P. J., dissents in separate opinion.

DOWD, Presiding Judge, dissenting.

I respectfully dissent. I believe that the majority has, in reasoning to its conclusion, subordinated the constitutional mandate against cruel and unusual punishment to the legislative power to establish the range of punishment for any given offense. I do not quarrel with the legislature's authority to establish a statutory range of punishment but it is erroneous, in my opinion, to equate review of sentences with review of statutory ranges of punishment. Except in circumstances where the constitutionality of the statute prescribing the punishment range is challenged, judicial review of sentences assessed is an examination, not of the statute defining punishment, but of the manner in which the statute was applied. In other words, such review is to determine whether or not the body assessing the punishment, whether it be the court or jury, has applied the punishment statute in violation of the constitutional mandate against cruel and unusual punishment. In light of this constitutional prohibition a review of the exercise of the discretion of the body assessing punishment in no way infringes upon the power of the legislature to estab-

lish penalties and punishments.[1] *See, State v. Mitchell*, 563 S.W.2d 18, 26 (Mo. banc 1978).

Proceedings pursuant to Rule 27.26 are for the purpose of adjudicating inter alia, questions of deprivation of federally guaranteed constitutional rights. *State v. Keeble*, 427 S.W.2d 404, 406 (Mo.1968). Included in these guaranteed rights is the right to be free from suffering cruel and unusual punishments. Mo.Const. Art. I, § 21. A sentence is cruel and unusual if it is grossly disproportionate to the gravity of the crime, [*See, Coker v. Georgia*, 433 U.S. 584, 603, 97 S.Ct. 2861, 2871, 53 L.Ed.2d 982 (1977) (Powell, J., concurring and dissenting)] if it is greatly in excess of sentences imposed in other jurisdictions for the same offense, (*Id.* at 593–94, 97 S.Ct. at 2866–2867) and is disproportionate to sentences imposed upon other criminals in the same jurisdiction. *See, Weems v. United States*, 217 U.S. 349, 380, 30 S.Ct. 544, 554, 54 L.Ed. 793 (1910); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 1148–49, 63 L.Ed.2d 382 (1980) (Powell, J., dissenting).

In the present case the movant was sixteen years old when he pled guilty of selling small amounts of marijuana and amphetamines.[2] No acts of violence were involved in either sale.

Movant had no prior criminal record and was gainfully employed. The offenses, when viewed in this context, do not warrant such harsh sanctions.

Other jurisdictions have found lighter sentences for the sale of marijuana to be excessive despite the fact that they were within the statutory range. In *People v. Keating*, 2 Ill.App.3d 164, 270 N.E.2d 164 (1971), the court held that a sentence of from 10 to 20 years for the sale of marijuana was excessive in view of the fact that it was defendant's first narcotics offense, he was seventeen years old and employed. *Id.*, 270 N.E.2d at 170. The court in *State v. Keck*, 187 Neb. 794, 194 N.W.2d 186, 197 (1972) held concurrent sentences of from two to five years for the sale of marijuana and LSD and possession of LSD to be excessive. The court in *Kolke v. State*, 493 P.2d 854 (Okl.Cr.1972) found that despite the fact defendant had sold marijuana twice on the same day, seven years imprisonment and $1,000 fine was excessive punishment. *Id.* at 856. Even in our review of cases where sentences for the sale of marijuana have not been found excessive we are able to locate only one other case wherein such a spectacular sentence for the sale of marijuana has been imposed.[3] The average sentence imposed in other jurisdictions for this type of offense is approximately ten years.[4]

A survey of sentences imposed for other crimes in Missouri reveals that for the offense of assault with the use of a dangerous instrument a defendant could receive a maximum of 20 years imprisonment. § 565.050, RSMo 1979. Rape, (§ 566.030), sodomy, (§ 566.060) aggravated sexual as-

---

**1.** Note that the courts have not been reluctant to review sentencing procedures where the complaint was based on grounds other than the allegation that the sentence was cruel and unusual. *See, e. g., Phillips v. State*, 486 S.W.2d 237, 238–39 (Mo.1972) (wherein defendant claimed that inaccurate statements made by the prosecutor to the judge prejudicially influenced him during the sentencing procedure; *State v. Jackson*, 476 S.W.2d 540, 542 (Mo. 1972) (wherein defendant claimed that his sentence was a result of the prejudicial influence of a "rap" sheet considered by the judge during sentencing proceedings).

**2.** Defendant testified that he sold approximately three fourths of an ounce of marijuana and 100 amphetamine pills. He was charged with selling 38.5 grams of marijuana (approximately 1.5 ounces) and 100 tablets of amphetamines.

**3.** *White v. State*, 495 S.W.2d 903, 905 (Tex.Cr. App.1973) (60 years for sale of marijuana). The Texas courts adhere strictly to the theory that sentences imposed within the statutory range cannot, as a matter of law, be cruel and unusual in the constitutional sense. *See, e. g., Rodriquez v. State*, 509 S.W.2d 625, 627 (Tex. Cr.App.1974) (1,500 years imprisonment for sale of heroin); *Mabry v. State*, 492 S.W.2d 951, 954 (Tex.Cr.App.1973) (999 years for murder); *Sills v. State*, 472 S.W.2d 119, 120, (Tex. Cr.App.1971) (1,000 year sentence for robbery and assault.

**4.** *Messelt v. State*, 351 So.2d 636, 639 (Ala.Cr. App.1977) (nine years); *Fite v. State*, 513 P.2d 1396, 1398 (Okl.Cr.1973) (ten years); *McCormick v. State*, 279 So.2d 596, 599 (Miss.1973) (eight years).

sault, (§ 566.040) first degree arson, (§ 569.040) first degree burglary, (§ 569.160) second degree robbery, (§ 569.030) all carry a penalty of 10 to 20 years imprisonment. Assault with a dangerous weapon, (§ 565.050) kidnapping, (§ 565.110) aggravated rape, (§ 566.030) and murder (§ 565.008) all carry sentences of not less than 10 years to life imprisonment.[5] The possible punishment for selling marijuana is not less than five years to life imprisonment. § 195.200.1(4), RSMo Supp.1980. The possibility (and in the present case, the reality) of extremely harsh punishment for the sale of marijuana does not bear the same relationship to society's goals of protection of property interests and maintenance of order as does harsh sentences imposed for violent crimes.

I believe that in making their decision to reinstate the 50 year sentence my colleagues may have considered movant's subsequent convictions for sale of hashish and the fact that although the defendant pled guilty to two offenses he was initially charged with a total of six offenses.

A probation revocation hearing is not a criminal proceeding. *Reiter v. Camp,* 518 S.W.2d 82, 87 (Mo.App.1974). The purpose of such a hearing is not to determine whether the probationer is guilty of the allegations which may possibly result in revocation of his probation but is for the purpose of determining whether or not termination of probation is "warranted by the conduct of defendant and the ends of justice." § 559.036, RSMo 1979. The court may determine, as it did in this case, that the evidence that the probationer had committed a new offense was conclusive. The probationer does not, however, stand convicted of the offense by virtue of the trial court's conclusion during the course of the hearing that the probationer committed the offenses. He is presumed innocent until he either pleads guilty or is convicted. Any assumption of guilt of new offenses as a basis for imposing an extraordinarily lengthy sentence for past convictions after violation of probation is clearly erroneous. The same reasoning would also apply to any consideration of the four charges in the indictment to which movant did not plead guilty. He must also be presumed innocent of these charges as they were dismissed subsequent to his pleas of guilty to sales of marijuana and amphetamines. After eliminating all other charges the fact remains that a young first offender, sixteen years old, is faced with the possibility of spending a total of 55 years in jail for having sold approximately 1.5 ounces of marijuana and 100 amphetamine pills. A sentence so disproportionate to the gravity of the offense committed shocks the moral sense of all reasonable men as to what is right and proper under these circumstances and is, therefore, unconstitutionally cruel and unusual. *State v. Mitchell,* 563 S.W.2d 18, 26 (Mo. banc 1978). Such disproportionate sentences result in little more than inmate unrest in the prisons. *See, United States v. McKinney,* 466 F.2d 1403, 1414 (6th Cir. 1972).

Judge Lasky properly applied this constitutional principle enunciated in *Mitchell* and I would affirm his order reinstating movant's ten year sentence.